**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elena White, ) | |
| ) | |
| Plaintiff, ) | No. CIV 03-1823 PCT RCB |
| ) | |
| vs. ) | O R D E R |
| ) | |
| United States of America and ) | |
| Reeverson Descheny, ) | |
| ) | |
| Defendants. ) | |

On April 30, 2004, Plaintiff Elena White, acting individually and as the parent and next friend of Sherianna White, filed an Amended Complaint in this matter asserting claims against the United States of America and Reeverson Descheny.  Amend. Complt. (doc. 22). Thereafter, on September 23, 2005, the law firm of Rosenfelt & Buffington, P.A. ("Rosenfelt & Buffington" or "the law firm") filed a motion to intervene in this case.  Motion (doc. 79). This motion was fully briefed on October 6, 2005.  Reply (doc. 86).

The court, having carefully considered the arguments presented by the parties, now rules.

. . .

**I. Facts**

Rosenfelt & Buffington, formerly Rosenfelt, Buffington & Borg, P.A., was retained in November 2002 by Plaintiff in this matter to prosecute claims for injuries sustained by her daughter at Rock Point Community School. Rosenfelt & Buffington helped Plaintiff file a claim under the Federal Tort Claims Act ("FTCA") in January 2003, and litigated the lawsuit until April 2005. On April 25, 2005, Plaintiff discharged Rosenfelt & Buffington and elected to retain attorney Scott E. Borg ("Borg"), to whom her case had been assigned until his employment at Rosenfelt & Buffington was terminated. Borg continues to represent Plaintiff in this lawsuit.

The alleged written representation agreement between Rosenfelt & Buffington and Plaintiff ("Representation Agreement") calls for contingent attorney fees in the amount of twenty-five percent (25%) and thirty-three and one-third percent (33 1/3%) of any recovery for damages that do not fall within the FTCA. The agreement also allegedly provides that Plaintiff is separately liable for reasonable expenses incurred by Rosenfelt & Buffington in connection with prosecuting her case. Now that Rosenfelt & Buffington is no longer representing Plaintiff in this matter, the law firm is concerned that it will not receive the appropriate fees and costs due to it pursuant to the Representation Agreement. Mot. (doc. 79) at 3. Rosenfelt & Buffington asserts that it is entitled to collect a share of the attorney fees that will be due in the event that Plaintiff receives a settlement or judgment in this case, and its unreimbursed reasonable expenses in the amount of $19,250.92. Id.

In light of this concern, Rosenfelt & Buffington filed an

-2-

1 action against Borg in the state district court of New Mexico
2 seeking a declaratory judgment regarding its entitlement to a share
3 of attorney fees in certain cases being handled by Borg.  See Resp.
4 (doc. 82) at 2, citing Rosenfelt & Buffington, PA v. Scott E. Borg
5 v. Rosenfelt & Buffington, PA, Daniel M. Rosenfelt and Forrest
6 Buffington, CV 2005-05818 (District  Court, Bernalillo County);
7 Reply (doc. 86) at 1.  The law firm also requests that the state
8 court order Borg to provide an accounting of fees showing the
9 amount of settlement reached or judgment obtained in the cases he
10 took with him, and order Borg to pay Rosenfelt & Buffington an
11 equitable portion of the contingency fee and all incurred expenses.
12 Resp. (doc. 82) at 2.  In response, Borg filed a counter-claim and
13 cross-complaint raising twelve issues against Rosenfelt &
14 Buffington.  Reply (doc. 86) at 2; Resp. (doc. 82) at 3-4.
15      The law firm asserts that, while Borg concedes that it is
16 entitled to some recovery of attorney fees and costs, he seeks to
17 subject Rosenfelt & Buffington's "property interest" to adjustment
18 or offset based upon the numerous counterclaims he has raised in
19 the New Mexico state court action.  Reply (doc. 86) at 4.
20 Concerned that resolution of all of these issues will take many
21 years, Rosenfelt & Buffington now seeks to intervene in the instant
22 litigation so that this Court can adjudicate Rosenfelt &
23 Buffington's right to recover its reasonable costs and an equitable
24 percentage of the attorney fees.  Reply (doc. 86) at 2; Mot. (doc.
25 79) at 2-3.

**II. Intervention of Right: Rule 24(a)**

27      Rosenfelt & Buffington first claim that Federal Rule of Civil
28 Procedure 24(a) requires that they be permitted to intervene "of

1  right" in this action.  Mot. (doc. 79) at 4.  Rule 24(a) provides,
2  in relevant part, that,

> [u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Id.  Here, Rosenfelt & Buffington does not assert the existence of a statute of the United States that confers an unconditional right to intervene.  Thus, the Court shall review the law firm's request under Rule 24(a)(2).

Courts in the Ninth Circuit have recognized that the requirements of Rule 24(a)(2) may be broken down into four elements, each of which must be demonstrated in order to provide a non-party with a right to intervene: (1) the application must be timely; (2) the applicant must have a "significantly protectable" interest relating to the transaction that is the subject of the litigation; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the parties before the court.  League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997).  A failure by the intervenor to establish any of the above elements will preclude intervention under this rule.  Id.

In the case at bar, the primary concerns facing Rosenfelt & Buffington's application is whether it has a "significantly

-4-

protectable" interest in this litigation, whether a disposition in this case may, as a practical matter, impair or impede its ability to protect such an interest, and whether its interest is not already adequately represented by the existing parties.  The timeliness of the motion is not contested by the parties.

The Ninth Circuit has held that the "significantly protectable interest" element of Rule 24(a) requires an applicant to show that he asserts an interest that is protected under some law, and that there is a "relationship" between his legally protected interest and the plaintiff's claims.  Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998).  This interest must be threatened with a "direct, immediate, and harmful [effect]" by the results of the underlying lawsuit.  See Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 818 (9th Cir. 2001). In Dilks v. Aloha Airlines Inc., 642 F.2d 1155, 1156-57 (9th Cir. 1981), the Ninth Circuit held that the interest asserted by an intervenor must be a "direct, non-contingent, substantial, and legally protectable" interest.  However, to trigger a right to intervene, an economic interest must be concrete and related to the underlying subject matter of the action.  United States v. Alisal Water Corporation, 370 F.3d 915, 919 (9th Cir. 2004).

> A mere interest in property that may be impacted by litigation is not a passport to participate in the litigation itself. To hold otherwise would create a slippery slope where anyone with an interest in the property of a party to a lawsuit could bootstrap that stake into an interest in the litigation itself.

Id. at 920.

Here, Rosenfelt & Buffington asserts that it has the necessary interest in this lawsuit, because a "[s]ettlement or

-5-

1 judgment would have a direct and immediate effect upon Rosenfelt &
2 Buffington's right to recover its advanced costs and its equitable
3 share of the contingency fees."  Mot. (doc. 79) at 4.  This
4 interest, however, is several degrees removed from the tort claims
5 that are the backbone of this litigation.  In its reply, the law
6 firm asserts that the court in Stockton v. United States, 493 F.2d
7 1021 (9th Cir. 1974), held that "[a] law firm's putative interest
8 that the judgment fund of the principal litigation not be
9 dissipated prior to its collection of its fees satisfies the
10 requirement of Rule 24(a)(2) that the applicant claim [sic] an
11 interest relating to the property or transaction which is the
12 subject of the action."  Reply (doc. 86) at 2-3.  The Court,
13 however, finds this assertion misguided, as the court in Stockton
14 specifically stated that it withheld from "decid[ing] whether as a
15 general proposition an attorney's interest in a fee is a
16 sufficient interest to call for intervention of right under Rule
17 24(a)(2)."  Stockton, 493 F.2d at 1024.

18     There is simply no right to intervene based on the fact that
19 the outcome of a case may increase or decrease the collectability
20 of a third-party's claim against a party.  Hawaii-Pacific Venture
21 Capital Corp. v. Rothbard, 564 F.2d 1343, 1346 (9th Cir. 1977).
22 Moreover, in its motion, Rosenfelt & Buffington asserts no claims
23 against any parties in this lawsuit.  All of the law firm's claims
24 are alleged against Borg who is Plaintiff's attorney and a non-
25 party to this matter.

26     Additionally, the Court is not convinced that a disposition
27 in this case would impair Rosenfelt & Buffington's ability to
28 protect any alleged interest in its attorney fees and costs.  In

Blake v. Pallan, 554 F.2d 947, 954 (9th Cir. 1977), the court held that an intervenor could not show that his interest would be impaired when he was free to simply bring another action to protect that interest. In other words, if a party has another avenue available to it through which it may seek protection of its purported interest, it cannot "as a practical matter" claim that its interest will be impaired without intervention.

Here, Rosenfelt & Buffington asserts that it "is so situated that a disposition of the action may as a practical matter impair or impede its ability to protect [its] interest." Mot. (doc. 79) at 4. Beyond this conclusory statement and the contention that a resolution in the New Mexico lawsuit may take "many years" to be reached, Rosenfelt & Buffington provide no other evidence or argument to support its assertion.

While Rosenfelt & Buffington may be owed money under the Representation Agreement, the law firm has other remedies available to it to protect its interests. Such remedies have already been initiated, as Rosenfelt & Buffington filed an action in the New Mexico state court involving the same issues presented in their motion to intervene. The fact that a resolution in that matter may take longer to reach than Rosenfelt & Buffington desires does not show that its interest in attorney fees and costs would be impaired if intervention in this matter is denied. See Blake, 554 F.2d at 954 ("Mere inconvenience...caused by requiring [a party] to litigate separately is not the sort of adverse practical effect contemplated by Rule 24(a)(2)"). Thus, finding that Rosenfelt & Buffington does not have a "significantly protectable" interest in this litigation whose protection will be

1  impaired by a disposition in this case, intervention under Rule
2  24(a) shall be denied.  Accordingly, the Court need not analyze
3  the remaining element of Rule 24(a).

**III. Permissive Intervention: Rule 24(b)**

5       Alternatively, Rosenfelt & Buffington seeks to join in this
6  case under the "permissive intervention" provisions of Rule 24(b),
7  FED. R. CIV. P.  As such, this court's initial inquiry is whether a
8  statute gives a conditional right to intervene, or whether the
9  "applicant's claim or defense and the main action have a question
10 of law or fact in common."  Id.  If either of these elements are
11 established, the decision of whether to permit intervention lies
12 within the district court's sound discretion.  Id., see also,
13 Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1110 (9th Cir.
14 2002).  Pursuant to Rule 24(b)(2), FED. R. CIV. P., in exercising
15 its discretion, the court must consider "whether the intervention
16 will unduly delay or prejudice the adjudication of the rights of
17 the original parties."  Id.

18      In its motion, Rosenfelt & Buffington fails to make any
19 arguments that its claim for attorney fees and costs and the main
20 tort action in this case have a question of law or fact in common.
21 Rosenfelt & Buffington's sole argument in support of permissive
22 intervention is that the FTCA "confers a conditional right to
23 intervene."  Mot. (doc. 79) at 4.  In its motion, Rosenfelt &
24 Buffington cites Federal Rule of Civil Procedure 24(b)(1) to
25 support this assertion, however, in its reply, the law firm cites
26 28 U.S.C. § 2678 as "the federal statute that confers a
27 conditional right to intervene[.]"  Reply (doc. 86) at 5.  The
28 Court finds that neither of these authorities, nor any other cited

1 by the law firm, give Rosenfelt & Buffington a conditional right
2 to intervene.
3    First, Federal Rule of Civil Procedure 24(b)(1) merely states
4 the rule that anyone may be permitted to intervene in an action
5 "when a statute of the United States confers an unconditional
6 right to intervene[.]"  Second, 28 U.S.C. § 2678 provides the
7 limitations placed on attorney fees received from FTCA actions.

> No attorney shall charge, demand, receive, or
> collect for services rendered, fees in excess of
> 25 per centum of any judgment rendered pursuant to
> section 1346(b) of this title or any settlement
> made pursuant to section 2677 of this title, or in
> excess of 20 per centum of any award, compromise,
> or settlement made pursuant to section 2672 of
> this title.
>
> Any attorney who charges, demands, receives, or
> collects for services rendered in connection with
> such claim any amount in excess of that allowed
> under this section, if recovery be had, shall be
> fined not more than $2,000 or imprisoned not more
> than one year, or both.

Id.  Furthermore, all of the case law cited by Rosenfelt &
Buffington in support of their argument discuss only a court's
ability to allocate attorney fees, not the existence of a
conditional right to intervene.  See Reply (doc. 86) at 5, citing
Schwartz v. United States, 381 F.2d 627 (3rd Cir. 1967); Jaslow v.
United States, 308 F. Supp. 1164 (E.D.N.Y., 1970); Harley & Browne
v. Ressler & Ressler, 957 F. Supp. 44 (S.D.N.Y. 1997); Venegas v.
Skaggs, 867 F.2d 527, 531 (9th Cir. 1989).  The Court finds that
Rosenfelt & Buffington has failed to show the existence of a
statutory conditional right to intervene.
   Therefore,
   IT IS ORDERED that Rosenfelt & Buffington's motion to

1  intervene (doc. 79) is DENIED.
2     DATED this 19th day of June, 2006.

```
                    _____
                    Robert C. Broomfield
                    Senior United States District Judge
```

9  Copies to counsel of record.

- 10 -